The judgment is reversed with costs. Cause remand- ed, &c.

*J. W. Gordon* and *O. J. Glisner,* for the appellant.

*A. A. Barrickman,* for the appellees.

---

### HOLCOMB *v.* McDONALD.

If a defendant in a suit before a justice of the peace, appear and answer, and afterwards refuse to defend further, on the ground that he is not a resident of the county, letting his appearance stand, the justice must proceed with the cause; and if judgment be rendered against him, and he appeal and re- duce the judgment five dollars or more, he will be regarded as having ap- peared in both Courts, and the costs in the appellate Court must go against the plaintiff.

APPEAL from the *Warrick* Court of Common Pleas.

DAVISON, J.—*Holcomb* sued *McDonald* before a justice of the peace. The parties appeared. To the complaint, the defendant filed his answer, setting up an offset against the plaintiff's demand. Reply in denial of the answer. There was a trial, which resulted in a judgment in favor of the plaintiff for 8 dollars. At the proper time, the plaintiff moved for a new trial. His motion was sustained, and a new trial granted. Upon the day fixed for the new trial, both parties appeared before the justice. And the defend- ant objected to the sufficiency of the notice of the new trial; but his motion was overruled. And thereupon he refused to defend, on the ground that he was not a resident of *Warrick* county. After this, the trial proceeded; but it does not appear that the defendant took any further part in the proceedings. One witness was examined, and final

judgment rendered against defendant for 25 dollars, from <span>May Term,</span>
which he appealed.   In the Common Pleas, the cause was <span>1859.</span>
tried by the Court, who rendered a judgment in favor of
the plaintiff for 15 dollars, and against him for costs.

The error assigned, relates alone to the judgment against
the plaintiff for costs.   The statute says: "If either party
against whom judgment has been rendered appeal, and
reduce the judgment against him five dollars or more, he
shall recover his costs in the Common Pleas or Circuit
Court, when the appellant appeared before the justice."
2 R. S. p. 464, § 70.

In this case, the judgment was reduced more than five
dollars.   But it is contended that *McDonald*, the appellant
in the Common Pleas, did not appear before the justice.
We think otherwise.   He appeared and answered; and
the record fails to show that he ever withdrew his appear-
ance.   The mere fact that he refused to defend, while he
suffered his appearance and pleadings to stand, would not
have authorized a judgment by default or *nil dicit*.   Hence,
the justice could not do otherwise than proceed in the trial
of the cause.   He must, therefore, be regarded as having
appeared at both trials; and the result is, there is no error
in the judgment of the Common Pleas.

*Per Curiam.*—The judgment is affirmed with costs.

*J. G. Jones* and *J. E. Blythe*, for the appellant.

*J. Lockhart*, for the appellee.